Number 251643, In Re, 6525 Belcrest Road, Inc. John Dirkhol for the debtor at Allen Belcrest. I'm sorry. John Dirkhol for the debtor at Allen Belcrest. Okay, thank you. Let me just check. Judge Calabresi is... Can you hear me? I can hear you. Yeah, very good. Okay, so whenever you're ready. Thank you, Your Honors. John Dirkhol may please the Court on behalf of the debtor appellant, Belcrest. I know that I only have five minutes, so I just want to make three brief points. The first point I want to make is that, you know, as of the transfer date, Dewey ceased being the landlord in this case. And I couldn't make this argument better than my opposing counsel made it in the Court below. You know, he stated very clearly if there has been a satisfaction of the transfer, then pursuant to the terms of the First Amendment, the ground lease rights pass from Dewey to Newtown. Newtown would then have the ability to sign new spaces or exercise other landlord rights under the lease thereafter. And it's pretty clear here that once Dewey digressed in itself of possession of the premises, the premises moved from property owned by Dewey to property in which it had no possessory interest. It didn't have a reversionary interest. It lost privity of estate. The landlord-tenant relationship at that point terminated, and it could not act as a lessor. And it follows that it could not file a lessor claim for damages as it did in the bankruptcy court. In its proof of claim- Can Newtown tell the bankruptcy court that it did not have a claim? It did not have a claim. It filed a claim as a lessor under the ground lease. Who would have the claim? If you're saying Dewey doesn't and Newtown said it didn't, there's no claim? No, no. Newtown would have the claim. Newtown was the landlord. It was the assignee of the ground lease. Newtown would have the claim. And, Your Honor, they could have fixed this very easily, right? I'm sorry. I thought you just said Newtown disclaimed. It said that it did not have a claim. Newtown would have a claim. Newtown, as the landlord, the assignee under the assignment could have filed a lesser claim. It was a lessor, but it did not.  Dewey is the entity that filed the lesser claim as the assinor. So Dewey had no landlord-tenant relationship after the transfer date and could not file a lesser claim. Dewey's the claimant in this proceeding. Was Dewey not still the payee of the rent? It had a right to be paid rent for a certain limited period of time under the amended assignment, but that didn't make it the landlord. It lost privity of estate. It can't be the landlord. Well, whose name is on the check that Belfort was paying? There were no checks at that point. Whatever the payment. Who's the payee? Well, prior to prepetition, when Dewey was the landlord, the checks would be made out to Dewey, I presume. But that's not in evidence, Your Honor. That's not part of the record. The point is that, you know, to file a lesser claim under 502b6, you have to be a landlord. And you can't be a landlord if you assigned your rights under the ground lease to a third party. But the question is whether the rights were actually assigned when he was still being paid the rent. Yeah. But it was not being paid the rent. Under the amended assignment, all that happened was it had a right to retain rent that it was paid to it, or the assignee, Newtown, had the obligation to deliver the rent it received as the landlord to Dewey. That's all it had. It had a right not under the ground lease, but a right under the assignment. This was an independent contract between Dewey and Newtown and had nothing to do with the debtor, right? They could have any agreement they want, but this was not — it was a separate independent agreement, separate from the ground lease. And Dewey gave up all of its right, title, and interest in the ground lease. And then I pointed out in my brief, right, what is rent, right? Even though they call it rent in the amended assignment, rent is compensation for land lease, right? And rent is paid to a landlord. And they can call it whatever they want, right? But really, what Dewey is entitled to receive is revenue, not technically rent, because the rent is being paid to Newtown as the landlord, and Newtown then could deliver it to Dewey pursuant to the private agreement. But the right that Dewey retained was not the right to rent. It could not collect rent. And here's another very important point, right? If Belcrest stopped paying the rent, Dewey couldn't go into court and seek to evict it, right? And we cited the Maryland authorities to that effect. It didn't have any privity of estate. It could not take any action. The only entity that could evict Belcrest for not paying the rent would be Newtown. Newtown is the landlord. And Newtown waived its claim, didn't file a claim, and said it didn't want to file a claim. And like I said, they could have fixed this very easily. They could have – Newtown could have said at the beginning of this case, I'm going to transfer this claim to you, or I'm going to assign this claim to you, Dewey. You prosecute the claim in bankruptcy. I'm going to transfer it to you, right? They didn't do that because they had to then disclose the assignment, and they were hiding the assignment. They engaged in a scheme from the arbitration. They decided that they weren't going to reveal the assignment. They were going to conceal it and make up and fabricate a false affidavit that there was a lease and sublease. And so they could have fixed this, right? Newtown could have made the claim itself in the bankruptcy, or Newtown could have transferred it to Dewey. But it did not because they were still engaged in their scheme to conceal the assignment. And that's why they didn't do it. And so, you know, that brings me, you know, to the second point. Well, your time has expired. I think we have your argument and we have the papers, and Dewey is on submission today. So thank you for your argument. We'll take it. We'll reserve this issue. All right. Thank you, Your Honor.